|     |     |     |
| --- | --- | --- |
| 1   |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| HANNAH M. LEONARD, et al., | CASE NO. C19-6099 BHS |
| --- | --- |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO SEVER AND FOR SEPARATE TRIALS |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Defendant National Railroad Passenger Corporation's ("Amtrak") motion to sever plaintiffs pursuant to Fed. R. Civ. P. 21 and for separate trials pursuant to Fed. R. Civ. P. 20(b). Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 29, 2019, Plaintiffs Cody Clark, Hannah Leonard, and Emema Tulafono-Levaula ("Plaintiffs") filed a complaint against Amtrak in King County

Superior Court for the State of Washington. Dkt. 1-2. Plaintiffs allege injuries stemming from the derailment of Amtrak train 501 on December 18, 2017. *Id.*

On November 18, 2019, Amtrak removed the matter to this Court. Dkt. 1.

On July 30, 2020, Amtrak filed the instant motion seeking a severance of Plaintiffs' claims resulting in three separate actions. Dkt. 19. On August 12, 2020, Plaintiffs responded. Dkt. 21. On August 14, 2020, Amtrak replied. Dkt. 23.

## II.  DISCUSSION

Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Rule 21 may be used to "sever claims of parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation." *Ferger v. C.H. Robinson Worldwide, Inc.*, 2006 WL 2091015, *1 (W.D. Wash. 2006). The court exercises broad discretion in determining whether to sever claims that are "discrete and separate." *Anticancer, Inc. v. Pfizer, Inc.*, 2012 WL 1019796, * 1 (S.D. Cal. 2012) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). Courts consider the following factors in determining whether to sever a claim under Rule 21: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Id.* at *1 (quoting *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. 2010)).

In this case, the Court agrees with Amtrak that unique circumstances warrant separate trials. In general, consolidation of claims stemming from the same event conserves resources and does not prejudice any party. Here, however, Amtrak's litigation strategy leads to confusion and prejudice in consolidated matters. First, Amtrak has conceded liability, which limits the common references and trial time devoted to the derailment. In the previous trials, the great majority of evidence consists of the plaintiff's treating physicians and consulting medical experts. Thus, evidence specific to the individual plaintiff overwhelms any evidence relating to a common event.

Second, Amtrak has presented little to no evidence in its defense case. The extent of Amtrak's defense case has been limited to reading some deposition testimony or simply resting without presenting any evidence. Thus, there would be no conservation of resources in conducting one trial with no defense as opposed to three trials with no defense.

Third, the only fact weighing in favor of one trial is the perceived difficulty in conducting multiple civil jury trials during the global pandemic. Although the Court is currently unsure when civil jury trials will commence, it is optimistic that trials will be able to resume by the parties' set trial date of February 2022. If it is evident that individual jury trials would be extremely difficult as the trial date approaches, the Court may consider consolidation; we will cross that bridge when we get there.

The Court agrees with Amtrak that the unique circumstances of these trials warrant severance because the overwhelming majority of evidence is individualized to each plaintiff.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion to sever plaintiffs pursuant to Fed. R. Civ. P. 21 and for separate trials pursuant to Fed. R. Civ. P. 20(b), Dkt. 19, is **GRANTED**.  The Clerk shall open a new case for Cody Clark against Amtrak and a new case for Emema Tulafono-Levaula against Amtrak and shall copy everything in the electronic docket to those cases up to and including this order.

Dated this 21st day of September, 2020.

BENJAMIN H. SETTLE
United States District Judge